1  **BOHM, MATSEN, KEGEL & AGUILERA, LLP**
   A. Eric Aguilera, Esq. (Bar No. 192390)
2  Scott La Salle, Esq. (Bar No. 188287)
3  695 Town Center Drive, Ste. 700
   Costa Mesa, California 92626
4  Telephone: (714) 384-6500
   Facsimile: (714) 384-6501
5  eaguilera@bmka-law.com
   slasalle@bmkalaw.com
6

7  Attorneys for Plaintiff and Counter-Defendant
   ST. PAUL FIRE AND MARINE INSURANCE COMPANY
8

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA GENERAL INSURANCE COMPANY; ONEBEACON INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIMS. | Case No. C 09-05013 MHP<br>*Assigned to the Honorable Marilyn H. Patel, Courtroom 15, Floor 18*<br><br>**STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANTS LEAVE TO FILE AMENDED ANSWER TO COMPLAINT**<br><br>Trial: March 1, 2011 |
|---|---|

IT IS HEREBY STIPULATED by and between the parties that defendants OneBeacon Insurance Company and Pennsylvania General Insurance Company be granted leave to file and serve an amended answer to plaintiff St. Paul Fire and Marine Insurance Company's complaint. Defendants' amended answer adds the following affirmative defenses:

**STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANTS LEAVE TO FILE AMENDED ANSWER**
- 1 -

Twenty-Fourth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the failure or refusal, by St. Paul and/or St. Paul's owner, to seek recovery from St. Paul's affiliated or related companies for the underlying costs of defending Nielson Dillingham Builders.

Twenty-Fifth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the failure or refusal, by St. Paul and/or St. Paul's owner, to seek recovery from St. Paul's affiliated or related companies for the underlying costs of defending 725 Second Street.

Twenty-Sixth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the combination of: the acts of St. Paul's owner and/or affiliated companies in relation to the denial of coverage to KZ Tile Company in the underlying action; and PGIC's provision of a defense to KZ Tile Company in the underlying action.

A copy of defendants' Proposed First Amended Answer is attached hereto as Exhibit A. The parties stipulate to its filing and service, and request the Court's order approving same.

**IT IS SO STIPULATED.**

Dated: September 23, 2010            BOHM, MATSEN, KEGEL & AGUILERA, LLP

By: _____
A. Eric Aguilera, Esq.
Scott La Salle, Esq.
Attorneys for Plaintiff and Counter-Defendant ST. PAUL FIRE AND MARINE INSURANCE COMPANY

Dated: September 23, 2010            WOLKIN · CURRAN, LLP

By: _____
Amy K. Thomas, Esq.
Attorneys for Defendant and Counter-Claimant PENNSYLVANIA GENERAL INSURANCE COMPANY and Defendant ONEBEACON INSURANCE COMPANY

## [PROPOSED] ORDER

Defendants OneBeacon Insurance Company and Pennsylvania General Insurance Company are hereby granted leave to file and serve their amended answer to plaintiff St. Paul Fire and Marine Insurance Company's complaint. The amended answer is attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Dated: 9/24/2010

By: _____
THE HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT COURT JUDGE FOR
THE NORTHERN DISTRICT OF CALIFORNIA

*IT IS SO ORDERED — Judge Marilyn H. Patel*

EXHIBIT A

Amy K. Thomas, SBN 202876
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:     (415) 982-9390
Facsimile:      (415) 982-4328
E-mail: athomas@wolkincurran.com

Attorneys for Defendants
PENNSYLVANIA GENERAL INSURANCE COMPANY and
ONEBEACON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA GENERAL INSURANCE COMPANY, a Pennsylvania corporation; ONEBEACON INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C09-05013 MHP<br><br>**[PROPOSED] FIRST AMENDED ANSWER OF DEFENDANTS PENNSYLVANIA GENERAL INSURANCE COMPANY AND ONEBEACON INSURANCE COMPANY** |

Come now, Defendants Pennsylvania General Insurance Company ("PGIC") and OneBeacon Insurance Company ("OneBeacon"), responding to the Complaint of St. Paul Fire & Marine Insurance Company ("St. Paul"), as follows.

1.      PGIC and OneBeacon (collectively referred to in this Answer as "Defendants") admit that the present case is a civil action between citizens of different states. Defendants lack sufficient information or belief to admit or deny the remainder of the allegations in paragraph 1 of the Complaint, and on that basis Defendants deny said allegations.

///

///

1.

2.   Defendants do not dispute the propriety of venue in this Court. In so responding, Defendants make no admission or acknowledgement regarding the propriety of subject matter jurisdiction in this Court.

3.   Admitted, on information and belief.

4.   Admitted as to the State in which PGIC was and is incorporated, and PGIC's status as an insurer. Denied as to the State in which PGIC's principal place of business is located.

5.   Admitted as to the State in which OneBeacon was and is incorporated, and OneBeacon's status as an insurer. Denied as to the State in which OneBeacon's principal place of business is located.

6.   Defendants do not dispute the propriety of venue in this Court. In so responding, Defendants make no admission or acknowledgement regarding the propriety of subject matter jurisdiction in this Court. Defendants admit that they are subject to personal jurisdiction in this District. Defendants admit that events relevant to this case took place in this District. Defendants deny that St. Paul has been injured by any act or omission by Defendants. Defendants lack sufficient information or belief to admit or deny that St. Paul suffered any injury as a result of any act or omission by any Doe Defendant, and on that basis Defendants deny such allegations.

7.   Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 7 of the Complaint, and on that basis Defendants deny said allegations.

8.   Defendants deny the allegations in paragraph 8 of the Complaint to the extent said allegations are directed to or against Defendants. Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 8 of the Complaint as directed to or against Doe Defendants, and on that basis Defendants deny said allegations.

9.   Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis Defendants deny said allegations.

10. On information and belief, Defendants admit the allegations in paragraph 10 of the Complaint, except that Defendants lack sufficient information or belief to admit or deny that "Dillingham" was the sole general contractor for the "Subject Project" and to the extent the allegations in paragraph 10 read, or were intended to read, as describing "Dillingham" as the sole general contractor, Defendants deny such allegation based on a lack of information or belief.  Solely for purposes of preparing this Answer, Defendants adopt and utilize the terms "Dillingham", "Subject Project" and "725 Second Street" as set forth in paragraph 10 of the Complaint, but in doing so, Defendants make no admissions.

11. On information and belief, Defendants admit that St. Paul provided Dillingham with general liability insurance.  Defendants lack sufficient information or belief to admit or deny the remainder of the allegations in paragraph 11 of the Complaint, and on that basis Defendants deny said allegations.

12. On information and belief, Defendants admit that Dillingham entered into an agreement with KZ Tile in 1997 regarding the Subject Project, which agreement included terms related to the installation of brick pavers.  Defendants lack sufficient information or belief to admit or deny the remainder of the allegations in paragraph 12 of the Complaint, and on that basis Defendants deny said allegations.

13. Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis Defendants deny said allegations.

14. Admitted, on information and belief.

15. Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis Defendants deny said allegations.

16. Defendants admit that PGIC issued three successive annual general liability insurance policies to KZ Tile Company, and that said annual policies were respectively in effect during the time periods alleged in the Complaint, and that the first of those policies bore policy number CPP1220580.  Defendants admit that there exists a CG20101185

endorsement form with manuscript or modified language as quoted in paragraph 16 the Complaint, but Defendants make no admission regarding the issuance, validity, legitimacy, authorization or approval of said form, as Defendants presently lack sufficient information or belief to state any admission or denial on such issues, and thus Defendants deny any actual or implied allegation in the Complaint regarding the issuance, validity, legitimacy, authorization or approval of said form. Further, Defendants deny that said form was part of the first of the three policies issued by PGIC to KZ Tile Company, because the form referenced by St. Paul shows the policy number designation for the third of those PGIC policies. Defendants deny the remainder of the allegations in paragraph 16 of the Complaint, and specifically deny that the first and second of the three policies issued by PGIC to KZ Tile Company included the endorsement form as described in the Complaint.

17. Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis Defendants deny said allegations.

18. On information and belief, Defendants admit that tenders of defense and indemnity were communicated by or on behalf of Dillingham to insurance carriers. Defendants lack sufficient information or belief to admit or deny the remainder of the allegations of paragraph 18 of the Complaint, and on that basis Defendants deny said allegations.

19. To the extent the allegations of paragraph 19 of the Complaint relate to Defendants, those allegations are denied as presented, on the following grounds. Defendant OneBeacon did not accept any such tender, nor agree to participate in the defense of Dillingham in the Underlying Action. With regard to Defendant PGIC, to the extent PGIC "accepted tender and agreed to participate in the defense of Dillingham in the Underlying Action" such actions resulted from the tender communicated on behalf of Dillingham to counsel for Defendants, not from any tender "made by Dillingham upon KZ Tile" as alleged in St. Paul's Complaint, and such actions were qualified and limited by PGIC's reservations of rights. Further, Defendants deny that any binding agreement was reached among and

4.

between St. Paul and "all AI Insurers" as alleged in St. Paul's Complaint. To the extent the allegations of paragraph 19 of the Complaint relate to other persons or entities, Defendants lack sufficient information or belief to admit or deny those allegations, and on that basis Defendants deny such allegations.

20. On information and belief, Defendants admit that the Underlying Action was ultimately resolved by settlement. Defendants deny that St. Paul "paid an excessive and inequitable share of the fees and costs incurred in defense" and Defendants deny and dispute that either of them bore responsibility for any "allocated share" of such fees and costs. Defendants lack sufficient information or belief to admit or deny any remaining allegations regarding any payments allegedly made by St. Paul, and on that basis Defendants deny all such allegations.

21. Defendants admit that St. Paul has made numerous demands for payment. To the extent that the remainder of the allegations in paragraph 21 of the Complaint pertain to Defendants, those allegations are denied. To the extent the allegations of paragraph 21 of the Complaint relate to other persons or entities, Defendants lack sufficient information or belief to admit or deny those allegations, and on that basis Defendants deny such allegations.

22. Defendants admit that a letter was sent, on or about December 15, 2008, to St. Paul's attorneys, which letter communicated, among other things, PGIC's refusal to pay any monies towards alleged defense fees and costs incurred during particular time periods. The remainder of the allegations in paragraph 22 of the Complaint are denied.

23. Defendants acknowledge that paragraph 23 of the Complaint serves to incorporate by reference the allegations of all preceding paragraphs, and Defendants likewise incorporate and assert all of the preceding admissions, denials and other statements in this Answer, as though fully set forth here in this paragraph.

24. Defendants object to the allegations of paragraph 24 of the Complaint on the grounds that St. Paul's use of the phrase "the agreement to defend" is vague, ambiguous, misleading and subject to multiple interpretations. Subject to said objection, Defendants respond by admitting that PGIC offered to equitably participate in the defense of Dillingham

in the Underlying Action, subject to a full reservation of rights. The remainder of the allegations in paragraph 24 of the Complaint are denied.

25. Defendants object to the allegations of paragraph 25 of the Complaint on the grounds that St. Paul's use of the phrase "the agreement to defend" is vague, ambiguous, misleading and subject to multiple interpretations. Subject to said objection, Defendants deny the allegations of paragraph 25 of the Complaint.

26. To the extent that the allegations of paragraph 26 of the Complaint refer to the law firm of Clapp, Moroney, et al., Defendants lack sufficient information or belief to admit or deny such allegations, and on that basis deny such allegations. Defendants deny the remainder of the allegations of paragraph 26.

27. Defendants object to the allegations of paragraph 27 of the Complaint on the grounds that St. Paul's use of the term "agreement" is vague, ambiguous, misleading and subject to multiple interpretations. Subject to said objection, Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants object to the allegations of paragraph 28 of the Complaint on the grounds that St. Paul's use of the term "agreement" is vague, ambiguous, misleading and subject to multiple interpretations. Subject to said objection, Defendants deny that St. Paul "paid an excessive and inequitable share of the fees and costs incurred in defense of the Underlying Action" and Defendants deny and dispute that either of them bore responsibility for any "allocated share" of such fees and costs. Defendants further deny that St. Paul has been damaged in any manner or in any dollar amount by any act or omission of Defendants, or either of them. Defendants lack sufficient information or belief to admit or deny the remaining allegations regarding any payments allegedly made by St. Paul, and on that basis Defendants deny all such allegations.

29. Defendants acknowledge that paragraph 29 of the Complaint serves to incorporate by reference the allegations of all preceding paragraphs, and Defendants likewise incorporate and assert all of the preceding admissions, denials and other statements in this Answer, as though fully set forth here in this paragraph.

30. Admitted by and as to Defendant PGIC; denied by and as to Defendant OneBeacon.

31. Defendants acknowledge the existence and substance of St. Paul's contentions as described in paragraph 31 of the Complaint, but Defendants deny the truth of those contentions, except that Defendants do admit that Defendants, and each of them, deny the existence of a duty to defend Dillingham in relation to the Subject Project. Defendants deny the remainder of the allegations of paragraph 31 of the Complaint.

32. Admitted by and as to Defendant PGIC; denied by and as to Defendant OneBeacon. Said admission is not an admission regarding the propriety of subject matter jurisdiction in this District Court.

33. Defendants acknowledge that paragraph 33 of the Complaint serves to incorporate by reference the allegations of all preceding paragraphs, and Defendants likewise incorporate and assert all of the preceding admissions, denials and other statements in this Answer, as though fully set forth here in this paragraph.

34. Denied.

35. Denied, and Defendants, and each of them, specifically deny any obligation to pay any "allocated" portion of the alleged costs.

36. Defendants lack sufficient information or belief to admit or deny the specific allegations regarding payments allegedly made by St. Paul, and on that basis Defendants deny all such allegations. Defendants deny the remainder of the allegations of paragraph 36 of the Complaint.

37. Defendants acknowledge that paragraph 37 of the Complaint serves to incorporate by reference the allegations of all preceding paragraphs, and Defendants likewise incorporate and assert all of the preceding admissions, denials and other statements in this Answer, as though fully set forth here in this paragraph.

38. Defendants acknowledge the fact of St. Paul's allegations, but deny the truth of those allegations as set forth in paragraph 38 of the Complaint. Defendant OneBeacon further and expressly denies that it issued any insurance policies which are or might be

relevant to the subject of St. Paul's Complaint.

39. On information and belief, Defendants admit that St. Paul defended Dillingham in the Underlying Action, however, Defendants lack information regarding the duration or timing of that defense, and Defendants make no admission regarding either the duration or timing of that defense. Defendants object to the remainder of the allegations of paragraph 39 of the Complaint on the grounds that St. Paul's use of the term "agreement" is vague, ambiguous, misleading and subject to multiple interpretations. Subject to said objection, Defendants deny the remainder of the allegations of paragraph 39 of the Complaint.

40. Denied. Defendant OneBeacon further and expressly denies that it issued any insurance policies which are or might be relevant to the subject of St. Paul's Complaint.

41. To the extent that paragraph 41 of St. Paul's Complaint sets forth an opinion of law or equity, Defendants object that such opinions are not factual allegations subject to admission or denial. Subject to that objection, Defendants specifically deny the entirety of paragraph 41 of the Complaint, except that Defendants lack sufficient information or belief to admit or deny the allegations regarding payments made by St. Paul, and on that basis deny such allegations.

42. Defendants acknowledge that paragraph 42 of the Complaint serves to incorporate by reference the allegations of all preceding paragraphs, and Defendants likewise incorporate and assert all of the preceding admissions, denials and other statements in this Answer, as though fully set forth here in this paragraph.

43. Defendants object to paragraph 43 of the Complaint on the grounds that the reference to "the claim made by 88 King" is uncertain, vague, ambiguous, and not necessarily equivalent to "the Underlying Action" as previously alleged and alluded to by St. Paul in the Complaint. Subject to said objection, Defendants respond by stating that they lack sufficient information or belief to admit or deny allegations regarding St. Paul's payment of costs, and on that basis Defendants deny all such allegations.

///

44. Defendants lack sufficient information or belief to admit or deny allegations regarding St. Paul's payment or payments, and on that basis Defendants deny all such allegations. Defendants deny the remainder of the allegations of paragraph 44 of the Complaint.

45. To the extent that paragraph 45 of St. Paul's Complaint sets forth an opinion of law or equity, Defendants object that such opinions are not factual allegations subject to admission or denial. Subject to that objection, Defendants deny the entirety of paragraph 45 of the Complaint.

Wherefore, to the extent that St. Paul's prayer for relief contains, or is construed as containing factual allegations, Defendants generally deny all such allegations. Defendants also object to St. Paul's prayer to the extent it refers to, or seeks, damages or other relief not sufficiently put at issue by the allegations of the Complaint. Defendants pray that all relief sought by St. Paul's Complaint should be denied, that the Complaint should be dismissed, with prejudice, that Defendants should be awarded the costs and expenses of suit, and for any and all other relief or award in Defendants' favor that this Court might find or deem proper in this case.

Defendants also set for the following affirmative defenses to St. Paul's Complaint:

### First Affirmative Defense

On information and belief, Defendants allege that the Complaint fails to allege facts sufficient to constitute a valid claim or claims against Defendants, or either of them.

### Second Affirmative Defense

On information and belief, Defendants allege that the claims asserted within the Complaint are barred or limited by the terms, conditions, exclusions, limitations or other provisions of the insurance policies at issue, or of any particular such policy of insurance.

### Third Affirmative Defense

St. Paul's allegations and claims against Defendant OneBeacon fail, on the basis that said Defendant did not issue any insurance policies which are or might be relevant to the subject of the Complaint.

### Fourth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are governed in part or in whole by principles of equity, and St. Paul's recovery will be barred or limited in part by the equitable defenses of waiver or estoppel.

### Fifth Affirmative Defense

On information and belief, Defendants allege that St. Paul's recovery, if any, must be equitably reduced to the extent that St. Paul, or persons or entities acting for or on behalf of St. Paul, failed to mitigate, minimize or avoid its damages, if any.

### Sixth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are governed in part or in whole by principles of equity, and St. Paul's recovery against Defendants, if any, will be barred or limited in part by the equitable defense of proportionate liability of other parties and/or other persons or entities not presently parties to this case.

### Seventh Affirmative Defense

To the extent that St. Paul seeks recovery of or for fees, costs and/or expenses incurred for the benefit of St. Paul itself, or for the benefit of St. Paul's parent companies, affiliates, related companies, predecessors, successors, assigns, agents or representatives, such recovery is barred because Defendants, and neither of them, owed any obligation to provide any such benefit.

### Eighth Affirmative Defense

On information and belief, Defendants allege that St. Paul's recovery, if any, will be barred or limited based on the timing of tenders or notices, and/or by the status or nature of underlying claims, demands or disputes.

### Ninth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited to the extent that the claims are premised upon, or allegedly supported by, documents prepared or issued without the knowledge, authority, consent, agreement or approval of Defendants, or either of them.

[PROPOSED] FIRST AMENDED ANSWER                               CASE NO. C09-05013 MHP

### Tenth Affirmative Defense

On information and belief, Defendants allege that St. Paul has failed to join or name all necessary parties.

### Eleventh Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred, in whole or in part, by application of either statutory or equitable time limitations.

### Twelfth Affirmative Defense

To the extent that St. Paul seeks recovery for fees, costs and/or expenses incurred in violation of, or contrary to, statutory or precedential authority, such claims are barred or limited.

### Thirteenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are governed in part or in whole by principles of equity, and St. Paul's recovery, if any, will be barred or limited in part by the equitable defense of laches.

### Fourteenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are governed in part or in whole by principles of equity, and St. Paul's recovery, if any, will be barred or limited in part by the equitable defense of unclean hands.

### Fifteenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred, invalidated or limited in part, either by the legal authorities governing bankruptcy proceedings, or by orders or other papers issued or approved by the United States Bankruptcy Court.

### Sixteenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited based on St. Paul's own negligent or intentional misrepresentations, or non-disclosures, concerning underlying demands, disputes or lawsuits giving rise to the present case.

### Seventeenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited because the monetary recovery sought by St. Paul is for fees, costs and/or expenses incurred to defend persons or entities which Defendants, and neither of them, had any obligation to defend in the Underlying Action.

### Eighteenth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited because the monetary recovery sought by St. Paul is for fees, costs and/or expenses incurred prosecute counter-claims or cross-claims in the Underlying Action, and Defendants, and neither of them, had any obligation to fund any portion of the prosecution of such claims.

### Nineteenth Affirmative Defense

On information and belief, Defendants allege that St.Paul's claims are barred or limited because the monetary recovery sought by St. Paul represents an inequitable allocation of the alleged costs of defense.

### Twentieth Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited to the extent that St. Paul has, through acts or omissions, impaired or prejudiced any rights, claims or causes of action that Defendants, or either of them, may have or may have had, or should have had, against persons or entities not parties to the present case.

### Twenty-First Affirmative Defense

On information and belief, Defendants allege that St. Paul's claims are barred or limited to the extent that St. Paul acted as a volunteer in relation to any fees, costs or expenses incurred as a result of, or in connection with, the underlying claims, demands, disputes or lawsuits.

///

///

///

### Twenty-Second Affirmative Defense

On information and belief, Defendants allege that there is no legal authority that authorizes or supports St. Paul's prayer and request for an award of attorney fees incurred in the present case.

### Twenty-Third Affirmative Defense

On information and belief, Defendants allege that the Complaint does not describe the claims against Defendants, or either of them, with sufficient particularity to enable Defendants to determine all of the defenses available or potentially available. Investigation and evaluation of St. Paul's allegations and claims are ongoing at this time. Defendants reserve all rights to assert additional affirmative defenses as evaluation, discovery and investigation continue in this case.

### Twenty-Fourth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the failure or refusal, by St. Paul and/or St. Paul's owner, to seek recovery from St. Paul's affiliated or related companies for the underlying costs of defending Nielsen Dillingham Builders.

### Twenty-Fifth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the failure or refusal, by St. Paul and/or St. Paul's owner, to seek recovery from St. Paul's affiliated or related companies for the underlying costs of defending 725 Second Street.

### Twenty-Sixth Affirmative Defense

On information and belief, Defendants allege that they may be entitled to an equitable offset due to the combination of: the acts of St. Paul's owner and/or affiliated companies in relation to the denial of coverage to KZ Tile Company in the underlying action; and, PGIC's provision of a defense to KZ Tile Company in the underlying action.

///

///

| | |
|---|---|
| Dated:   September __, 2009 | WOLKIN • CURRAN, LLP |
| | By: _____<br>Amy K. Thomas |
| | Attorneys for Defendants<br>PENNSYLVANIA GENERAL INSURANCE<br>COMPANY and ONEBEACON<br>INSURANCE COMPANY |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On **September 23, 2010**, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANTS LEAVE TO FILE AMENDED ANSWER TO COMPLAINT**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm, Matsen, Kegel, & Aguilera LLP. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) By submitting said documents for Electronic Case Filing on said date pursuant to Local Rule 5-4 and General Order45, at Bohm, Matsen, Kegel & Aguilera, LLP at 695 Town Center Drive, Suite 700, Costa Mesa, 92626.

[ ] (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered on the date listed below.

[ ] (BY FEDERAL EXPRESS) I am readily familiar with the practice of the Law Offices of Bohm Matsen, Kegel & Aguilera, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ ] (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. Executed on **September 23, 2010**, at Costa Mesa, California.

/S/ Marion Lark
Marion Lark

## SERVICE LIST

### St. Paul Fire & Marine vs. Pennsylvania General, et. al.
### United States District Court, Central District of California
### Northern Division
### Case No. SACV08-00503 AG (RNBx)

| | |
|---|---|
| Amy K. Thomas, Esq.<br>WOLKIN & CURRAN, LLP<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Tel:: (415) 982-9390<br>Fax: (415) 982-4328 | Attorneys for Defendants<br>**PENNSYLVANIA GENERAL and**<br>**ONEBEACON INSURANCE COMPANY** |
| Peter Searle, Esq.<br>1 World Trade Center, Suite 1650<br>Long Beach, CA 90831 | Mediator |
| Peter Searle, Esq.<br>1851 E. First St., Suite 1600<br>Santa Ana, CA 92705 | Mediator |